UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Whitney Valadez, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br><br>-v.-<br>Portfolio Recovery Associates, LLC,<br>and John Does 1-25.<br><br>Defendant(s). | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>C.A. No.: |

Plaintiff Whitney Valadez (hereinafter, "Plaintiff"), a Wisconsin resident, individually and on behalf of a class of all others similarly situated, brings this Class Action Complaint by and through her attorneys, Stein Saks PLLC, against Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant PRA") pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and

1

to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the plaintiff resides, as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Wisconsin consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of Wisconsin, County of Milwaukee, 3210, 5th Avenue, South Milwaukee, WI 53172.

8. Defendant PRA is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 120 Corporate Blvd., Norfolk, VA 23502 and may be served process upon the Corporation Service Company at 100 Shockoe Slip Fl 2, Richmond VA 23219.

9. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:
    a. all individuals with addresses in the State of Wisconsin;
    b. to whom Defendant PRA sent a collection letter attempting to collect a consumer debt;
    c. that included materially misleading and deceptive language regarding whether the account would be considered paid-in-full or considered paid-in-full for less than the full balance after final payment is made;

      d. while also promising that the tradeline would be deleted within thirty (30) days of the final payment.

      e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibits A, violate 15 U.S.C. §§ l692e.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A violate 15 U.S.C. § l692e.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to May 19, 2020, an obligation was allegedly incurred to Capital One Bank (USA) N.A.

22. The Capital One Bank (USA) N.A. obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. Specifically, the Capital One Bank (USA) N.A. debt, was a credit card used for personal, family and household purchases.

24. The alleged Capital One Bank (USA) N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Capital One Bank (USA) N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. Defendant PRA, a debt collector and the subsequent owner of the Capital One Bank (USA) N.A. debt, is collecting the alleged debt.

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – May 19, 2020 Collection Letter*

28. On or about May 19, 2020, Defendant PRA sent the Plaintiff a debt collection letter (the "Letter") regarding the alleged debt owed to Defendant Capital One Bank (USA) N.A. **See Exhibit A.**

29. The Letter states a balance of $1,421.70.

30. The Letter offers two options regarding the balance: Either pay the full amount or select a "savings plan" that allows the consumer to pay the balance for a discounted amount.

31. Below the offer to pay in full, the letter states: "Your Account will be considered paid-in-full after your final payment is successfully posted."

32. Below the offer to pay the discounted amount, the letter states: "The savings will be applied to the balance and your account will be considered paid-in-full for less than the full balance after your final payment is successfully posted."

33. Below both offers, the Letter includes a sentence that states: "Within approximately 30 days of your final payment successfully posting, we will request that the three major credit reporting agencies delete our tradeline related to your account from your credit bureau report."

34. The statement that Defendant will request deletion from the credit bureaus upon final payment is not qualified in any way and the plain reading implies that these deletion will take place in both scenarios; whether the balance is paid in full or paid for less than the full balance.

35. Upon Defendant's request to delete the tradeline from the credit bureaus upon final payment, the account will no longer appear on the credit report of the Plaintiff in any form.

36. Therefore, there is no consequence to Defendant's earlier statements in the Letter that the account will be "considered" paid in full or "paid in full for less than the full balance," because in either scenario, the account will simply not appear on Plaintiff's credit report.

37. The earlier statements are deceptive and misleading, because they propose to offer a benefit of considering the account "paid-in-full," which essentially does not exist, because the account will be deleted entirely upon final payment.

38. Just the fact that letter at all states that there is a status for each type of payment option is misleading, when in fact either option results in a complete wiping away of the account having existed at all.

39. In the alternative, if Defendant's statement that they will request a deletion of tradeline is hinged upon selection of only one of the payment options, then the Letter is unclear and misleading for not properly elucidating that fact.

40. Plaintiff incurred an informational injury because the Defendants falsely describe the effects of full payment as opposed to less than full payment.

41. As a result of Defendants deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendants debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendants violated §1692e:

   a. By making a false and misleading representation in violation of §1692e(10).

46. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

47. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Whitney Valadez, individually and on behalf of all others similarly situated, demands judgment from Defendants Portfolio Recovery Associates, LLC as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, Yaakov Saks, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 26, 2020   Respectfully Submitted,

*/s/ Yaakov Saks*
By: Yaakov Saks, Esq.
**Stein Saks, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
Email: ysaks@steinsakslegal.com
*Attorneys for Plaintiff*